UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| GRAZYNA ORELLANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 18-11199-LTS |
| | ) | |
| CALIBER HOME LOANS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

July 2, 2018

SOROKIN, J.

On June 8, 2018, Defendants Caliber Home Loans, Inc., U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, and Sandcastle Investments, Inc. ("collectively, Defendants") removed this case to this Court. Doc. No. 3 On June 19, 2018, Plaintiff Grazyna Orellana's counsel wrote a letter to the "Clerk Federal District Court" asserting that, prior to removal, he filed an amended complaint reducing his damage claim "below $75,000" and he asked the Clerk to "confirm that this case shall be rejected/dismissed as a result." Doc. No. 10.

Federal Rule of Civil Procedure Rule 41 establishes the framework for a Plaintiff to dismiss its action in federal court. Subsection (a)(1)(A) authorizes a Plaintiff to dismiss its action "*Without a Court Order*" (italics in original) provided the Plaintiff files a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). As of June 19, 2018, the date of Orellana's submission, no defendant in this case had filed an answer or motion for summary judgment. Of course a party may not

proceed by way of a letter to Clerk when asserting that the Court lacks subject matter jurisdiction and seeking a ruling on the question from the Court.

Court records establish that the Notice of Removal was filed on ECF at 12:49 p.m. on June 8, 2018. Doc. No. 3. The record of proceedings filed by the state court includes a document titled "Amended Complaint" with a filing date of June 8, 2018. See Doc. No. 12. Of note, the Amended Complaint includes a Chapter 93A claim seeking treble damages and the following statement in bold letters: **Plaintiff agrees to limit her claim to below the statutory threshold should any Defendant seek to remove this case to the Federal Court.** Doc. No. 12 at 31.

Defense counsel asserts that the Amended Complaint was filed after defense counsel informed Orellana's counsel of the removal. See Doc. No. 13 at 1. Orellana's counsel asserts that he filed the Amended Complaint before the Notice of Removal was filed. See Doc. No. 10.

Given the foregoing, the Court makes the following rulings:

1. While Orellana's letter, Doc. No. 10, bears many of the indicia of a request for voluntary dismissal under Rule 41, an act that was within Orellana's rights at the time filed, to avoid any ambiguity, Orellana shall file a notice within seven days stating unequivocally whether Orellana intended the letter to constitute a voluntary dismissal under Rule 41(a)(1)(A). If Orellana asserts she intended the notice as a voluntary dismissal, the Court will treat that as a concession that Orellana filed the Amended Complaint in state court after the Notice of Removal was filed in this Court. Thus, proceeding would require the filing of a new lawsuit in either state or federal court.

2. The Court has subject matter jurisdiction over this case whether the operative complaint is the original or amended complaint. The parties are diverse under both pleadings. The amount in controversy for purposes of assessing diversity jurisdiction includes the possibility of treble damages and attorney fees under Massachusetts General Laws chapter 93A. Toro v. CSX Intermodal Terminals, Inc., 199 F. Supp. 3d 320, 322 (D. Mass. 2016) (citations omitted) ("amount in controversy includes statutory multipliers of damages, as well as statutory attorney's fees."); accord Law Office of Joseph J. Cariglia, P.C. v. Jelly, 146 F. Supp. 3d 251, 255 (D. Mass. 2015). Thus, the Amended Complaint, if it is the operative pleading (i.e. was filed prior to the Notice of Removal), supports federal diversity jurisdiction in light of the damage allegation of $70,000 combined with the request for treble damages and fees. The same analysis and conclusion apply to the original complaint.

3. Assuming without deciding that the binding unequivocal stipulation of a party in its complaint to limit its monetary recovery to a specific amount below the federal jurisdictional threshold could establish that there is no "reasonable probability that the amount in controversy exceeds [the statutory threshold]," Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 82 (1st Cir. 2014), such a stipulation is not present in the Amended Complaint. That Orellana purports to limits her damages "should any defendant" seek to remove the action to federal court is not the type of allegation or stipulation that would defeat a reasonable probability conclusion based on the remainder of the Amended Complaint.

4. Nonetheless, identifying the operative complaint has some material significance in this case. If Orellana filed the amended complaint prior to removal, then it is pending complaint and defendant must file a new or revised Answer as its answer responds to the original complaint. On the other hand, if she filed it after the Notice of Removal then it would appear to have no pleading significance as it was not filed in the Court in which the case was pending, although Orellana could seek to proceed here under Rule 15 with the Amended Complaint. Accordingly, by July 13, 2018, the parties shall file a joint statement stating their joint or separate positions as to the operative pleading and any related procedural matter.

5. The Motion to Stay, Doc. No. 17, is ALLOWED and discovery is stayed pending resolution both of the foregoing issues and the pending motion for judgment on the pleadings.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge